United States District Court
Middle District of Florida
Jacksonville Division

**JAI DEY,**

***Plaintiff,***

**v.** **NO. 3:26-cv-2445-MMH-PDB**

**JEFFERSON CAPITAL SYSTEMS LLC &**
**T-MOBILE USA INC.,**

***Defendants.***

---

## Order

The plaintiff sues the defendants for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692c(b), Doc. 1, and applies to proceed without prepaying fees or costs, Doc. 2.*

Federal district courts may decide only actions over which they have jurisdiction, and they must independently determine if jurisdiction exists. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). If a court determines that it lacks jurisdiction, "the court must dismiss the action," Fed. R. Civ. P. 12(h)(3), without prejudice, *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008).

---

*Over the past two years, the plaintiff has filed three other actions in this court: *Dey v. JP Morgan Chase Bank & Co.*, No. 3:24-cv-987-MMH-SJH; *Dey v. Affirm Inc.*, No. 3:25-cv-1108-JEP-SJH; and *Dey v. Jefferson Capital Systems, LLC*, No. 3:25-cv-1140-JEP-MCR. The complaint in this action is nearly identical to the amended complaint in the latter action. *Compare* Doc. 1, *with* Doc. 7 in 3:25-cv-1140-JEP-MCR. The court dismissed the latter action without prejudice for the plaintiff's failure to prosecute. *See* Doc. 14 in 3:25-cv-1140-JEP-MCR.

Federal jurisdiction is limited to actual cases or controversies under Article III of the United States Constitution. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 337 (2016). To establish a case or controversy, a plaintiff must have standing to bring a claim. *Id.* at 338. A plaintiff must allege facts showing he "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.*

"[U]nder Article III, an injury in law is not an injury in fact." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 427 (2021). Even in the context of a statutory violation, "standing requires a concrete injury." *Id.* at 426. In other words, "a technical statutory violation, without more, does not confer standing." *Light v. LVNV Funding, LLC*, 176 F.4th 1288, 1295 (11th Cir. 2026) (citing *Muransky v. Godiva Chocolatier, Inc.*, 979 F.3d 917, 930 (11th Cir. 2020) ("The question, always, is whether an injury in fact accompanies a statutory violation.")).

"An action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654. Generally, an artificial entity "can act only through agents, cannot appear pro se, and must be represented by counsel." *Palazzo v. Gulf Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985). Moreover, under the court's Local Rules, "[a] party, other than a natural person, can appear through [a] lawyer only." Local Rule 2.02(b)(2).

The complaint's caption and signature line identify the plaintiff as "Jai Dey d/b/a Jairus Dunson." Doc. 1 at 1, 7. Dey refers to himself as the plaintiff, claims to be a natural person and the real party in interest, and states that he

"is currently doing business in his common name *Jairus Dunson*." Doc. 1 ¶ 5. He includes with the complaint a purported certification of his registration of the fictitious name "Jai Dey d/b/a Jairus Dunson." Doc. 1-2 at 2. He asserts that the defendants' alleged violations of 15 U.S.C. § 1692c(b) "injur[ed him] in fact." Doc. 1 at 4, 6. The communications included with the complaint are addressed to Jairus Dunson. *See* Doc. 1-2 at 4, 6.

The plaintiff fails to allege facts sufficient to show standing and to explain the relationship between Dey and Dunson, including on whose behalf the claims are asserted. If the plaintiff intends to proceed as an artificial entity, the law requires representation by a lawyer. Considering the communications addressed to Dunson, *see* Doc. 1-2 at 4, 6, if the plaintiff intends to proceed as Dey, he appears to lack standing. And the complaint contains no factual allegation supporting an injury-in-fact suffered by Dey or Dunson.

By **November 6, 2026**, the plaintiff must notify the court of the proper plaintiff and show cause why the action should not be dismissed for lack of standing. The court **defers** ruling on the application to proceed without prepaying fees or costs, Doc. 2.

**Ordered** in Jacksonville, Florida, on October 19, 2026.

Patricia D. Barksdale
*United States Magistrate Judge*

c: Jai Dey
9200 NW 39th Avenue Ste. 130 PMB 3318
Gainesville, FL 32606